**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

KEVIN MURRAY,
    *Plaintiff-Appellant,*

v.

ALASKA AIRLINES, INC.,
    *Defendant-Appellee.*

No. 06-15847

D.C. No.
CV-05-03633-MJJ

ORDER
REQUESTING
THAT THE
SUPREME COURT
OF CALIFORNIA
DECIDE A
QUESTION OF
CALIFORNIA
LAW

Filed April 10, 2008

Before: Stephen Reinhardt, Melvin Brunetti and
Raymond C. Fisher, Circuit Judges.

---

## COUNSEL

James P. Stoneman II (argued), Law Offices of James P. Stoneman II, Claremont, California, for the plaintiff-appellant.

David J. Reis (argued), Jason M. Habermeyer, Howard Rice Nemerovski Canaday Falk & Rabkin, San Francisco, California, for the defendant-appellee.

---

## ORDER

We respectfully request that the Supreme Court of California exercise its discretion and decide the certified question set forth in Part I of this order.

## I. Question Certified

Pursuant to Rule 8.548 of the California Rules of Court, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, requests that the Supreme Court of California answer the following question:

> Should issue-preclusive effect be given to a federal agency's investigative findings, when the subsequent administrative process provides the complainant the option of a formal adjudicatory hearing to determine the contested issues *de novo*, as well as subsequent judicial review of that determination, but the complainant elects not to invoke his right to that additional process?

The decisions of the Supreme Court of California and the California Courts of Appeal do not provide controlling precedent regarding the certified question, the answer to which will be determinative of this appeal. We understand that the Supreme Court of California may reformulate our question, and we agree to accept and follow the court's decision. To aid the Supreme Court of California in deciding whether to accept the certification, we provide the following statement of facts and explanation.

## II. Statement of Facts

Kevin Murray ("Murray"), a quality assurance auditor at Alaska Airlines ("Alaska") brought safety concerns to the attention of the Federal Aviation Administration ("FAA"), which then conducted an investigation that revealed "signifi-

cant discrepancies relating to air carrier safety." Subsequently, the maintenance facility at which Murray worked was closed and his position was outsourced. Murray was not rehired by Alaska.

In December 2004, Murray filed an administrative complaint with the Secretary of Labor ("Secretary") under the Whistleblower Protection Provision of the Aviation Investment and Reform Act for the 21st Century ("AIR21"), seeking reinstatement, back pay and compensatory damages. *See* 49 U.S.C. § 42121(b)(1), (b)(3)(B).[1] Invocation of AIR21's administrative complaint procedure is voluntary and optional. *See* § 42121(b)(1). Murray — through his lawyer, Rand Stephens — alleged he had been denied the opportunity to apply or interview for open positions at other Alaska facilities, "despite [his] stated and documented request to remain" with the company, "in retaliation for [his] notifying [FAA inspectors] of Federal Aviation Regulations . . . violations and for serious airworthiness issues posing a threat to air safety." He also alleged that his superiors at Alaska "admonished and chastised [him] . . . for disclosing information to the FAA."

Pursuant to § 42121(b)(2)(A), the Secretary conducted an investigation, during which Alaska submitted a written response to Murray's complaint, produced relevant documentation and offered witness testimony. Murray was never contacted by the Secretary's investigator. He was not given a copy of the documents provided by Alaska or its witness statements. Nor did he have an opportunity to submit additional information to the Secretary, or respond to Alaska's arguments, before the Secretary rendered her findings.

In June 2005, the Secretary notified Murray of her investigative findings by letter. The Secretary found that Murray participated in protected whistleblowing activity and that his

---

[1]Hereinafter, all citations are to Title 49 of the United States Code unless otherwise noted.

termination and Alaska's subsequent failure to re-hire him constituted adverse employment action. Notwithstanding that determination, the Secretary determined there was "no credible basis to believe [Alaska] violated the employee protection provisions of AIR21," because the "record fail[ed] to establish any connection between [Murray's] termination and his involvement in protected activity." The Secretary found that Murray applied electronically for positions at other Alaska facilities and then "inexplicably removed his resume . . . the same night he applied." "The evidence showed that it was impossible for [Alaska] to remove [Murray's] resume from the employment website of its own accord." The Secretary therefore concluded that Murray "failed to establish a nexus between his protected activity and the perceived discriminatory action taken against him." The Secretary dismissed Murray's administrative complaint because he failed to demonstrate that there was "reasonable cause to believe" that his whistleblowing was a "contributing factor in [Alaska's] unfavorable personnel action." *See* § 42121(b)(2)(B)(iii); 29 C.F.R. § 1979.105(a).

The Secretary's letter closed by notifying Murray that he had "important rights of objection which must be exercised in a timely fashion." "AIR21 permits an aggrieved party, **WITHIN 30 DAYS** . . . to file objections with the Department of Labor and to request a hearing on the record before an Administrative Law Judge." (Emphasis in original.) The letter also warned that if "no objections are filed **WITHIN 30 DAYS**, this decision shall become final and not subject to judicial review." (Emphasis in original.) Murray never filed objections or requested an on-the-record hearing. Nor did he take any steps to formally withdraw his administrative complaint. *Cf.* 29 C.F.R. § 1979.111(a) (allowing complainant to withdraw his complaint by filing a written withdrawal with the Assistant Secretary of Labor, who "then determine[s] whether the withdrawal will be approved"). On July 8, 2005, by operation of law, the Secretary's preliminary investigative

findings were "deemed a final order . . . not subject to judicial review." § 42121(b)(2)(A).

On August 2, 2005, Murray, still represented by attorney Rand Stephens, filed a complaint against Alaska in California state court, claiming that he had been wrongfully terminated and retaliated against for whistleblowing in violation of the public policy of California. *See* Cal. Labor Code § 1102.5(b). Invoking diversity jurisdiction, Alaska removed to federal district court. The district court, relying on the Secretary's findings in her final order, granted summary judgment to Alaska based on collateral estoppel. Murray timely appealed.

## III. Explanation

We respectfully submit that the question we pose is worthy of decision because it will be dispositive in this appeal, it is not answered by any opinions of the Supreme Court of California or the California Courts of Appeal and it has important public policy ramifications. We invoke the certification process only after careful consideration and do not do so lightly. *See Kremen v. Cohen*, 325 F.3d 1035, 1037-38 (9th Cir. 2003).

In this diversity action, California law controls whether the Secretary's findings on causation (i.e., that there was no connection between Murray's termination and his whistleblowing activity) have an issue-preclusive effect on Murray's state-law claims. *See* 28 U.S.C. § 1652; *Jacobs v. CBS Broad., Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002). Murray's state-law claims include causation as a required element.[2] Therefore, the treat-

[2] *See Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1258 (1994) (holding that plaintiff's "claim of whistle-blower harassment fails because he cannot demonstrate the *required nexus* between his reporting of alleged statutory violations and his allegedly adverse treatment") (emphasis added); *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69, 105 Cal. Rptr. 2d 652 (Ct. App. 2000) ("To establish a prima facie case of retaliation, a plaintiff must show that she engaged in protected activity, that she was thereafter subjected to adverse employment action by her employer, and there was a *causal link* between the two.") (emphasis added and internal quotation marks removed).

ment of the Secretary's investigative findings under California's law of collateral estoppel is determinative of Murray's appeal. If the Secretary's finding that there was "no connection between [Murray's] termination and his involvement in protected activity" is entitled to issue-preclusive effect, then the district court's dismissal of Murray's state-law claims with prejudice will be affirmed. If, under the circumstances described above, California law would not accord the administrative finding preclusive effect, then the district court's judgment will be reversed and remanded, and Murray will be permitted to litigate the issue of causation and the remainder of his two termination claims in the district court.

Under California law, even when the "traditional" threshold requirements of collateral estoppel are met, preclusive effect will not be given to a previously litigated issue unless the public policies underlying the collateral estoppel doctrine would be furthered by doing so.[3] *See Vandenberg v. Superior Court*, 21 Cal. 4th 815, 829, 982 P.2d 229 (1999). In particular, "[w]hether collateral estoppel is fair and consistent with public policy . . . depends in part upon *the character of the forum* that first decided the issue later sought to be foreclosed." *Id.* (emphasis added); *see also Imen v. Glassford*, 201 Cal. App. 3d 898, 907-08, 247 Cal. Rptr. 514 (Ct. App. 1988). As was stated in *People v. Sims*, 32 Cal. 3d 468, 651 P.2d 321 (1982), *superseded by statute on another point as stated in Gikas v. Zolin*, 6 Cal. 4th 841, 851, 863 P.2d 745 (1993), "[c]ollateral estoppel may be applied to decisions made by administrative agencies '[w]hen an administrative agency is

---

[3]The Supreme Court of California has summarized the "traditional" requirements as follows: "First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." *Lucido v. Superior Court*, 51 Cal. 3d 335, 341, 795 P.2d 1223 (1990).

acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an *adequate opportunity to litigate*.' " *Id.* at 479 (quoting *United States v. Utah Constr. Co.*, 384 U.S. 394, 422 (1966)) (emphasis added). In *Sims* itself, that the "County failed to present evidence or otherwise participate" at the agency's hearing did not prove that the hearing process failed to provide the County with an adequate opportunity to fully litigate the contested issues. *Id.* at 481; *see also Zevnik v. Superior Court*, 159 Cal. App. 4th 76, 85, 70 Cal. Rptr. 3d 817 (Ct. App. 2008); *Rymer v. Hagler*, 211 Cal. App. 3d 1171, 1179, 260 Cal. Rptr. 76 (Ct. App. 1989). In *Sims* and the other cited cases, unlike in the present appeal, the administrative agency actually conducted an adjudicatory hearing.

We are not certain how California law would treat the Secretary's investigative findings, made at the initial stage of AIR21's voluntary administrative process, when the complainant has chosen not to seek further review. There do not appear to be squarely controlling California cases addressing whether an "opportunity to litigate" requires that an actual hearing with adequate procedural safeguards take place, or if instead it is enough that the agency's procedures afford the complainant the right to seek an adjudicatory hearing after the findings are made.[4] Our uncertainty is magnified because Cal-

---

[4]An AIR 21 complainant may contest the Secretary's investigative findings by filing "objections to [those] findings" and "request[ing] a hearing on the record" within 30 days of receiving them. *See* § 42121(b)(2)(A); 29 C.F.R. § 1979.106(a). If the Secretary's findings are timely challenged, AIR21 provides for a *de novo*, on-the-record hearing before an Administrative Law Judge. *See* 29 C.F.R. § 1979.107(a)-(b); *id.* at § 1979.109(a) (written findings and conclusions); 29 C.F.R. § 18.13 (discovery procedures); *id.* at § 18.24 (subpoena power); *id.* at § 18.34 (right to personal appearance and representation by counsel); *id.* at § 18.38 (prohibition on ex parte communications); *id.* at § 18.52 (decision based on record of hearings). After the ALJ issues a ruling, a party has 10 days to file a petition for review with the Department of Labor's Administrative Review Board. *See* 29 C.F.R. § 1979.110(a). At its discretion, the Administrative

ifornia appears to have a comparatively expansive understanding of collateral estoppel when judicial proceedings are involved. In the majority of jurisdictions, collateral estoppel does not apply to default judgments in judicial proceedings, where the judgment necessarily is entered against an absent party without any actual adjudicatory process taking place. *See Gottlieb v. Kest*, 141 Cal. App. 4th 110, 148, 46 Cal. Rptr. 3d 7 (Ct. App. 2006); Restatement (Second) of Judgments § 27, cmt. e. "California, on the other hand, accords collateral estoppel effect to default judgments, at least where the judgment contains an express finding on the allegations." *Gottlieb*, 141 Cal. App. 4th at 149; *see also In re Williams' Estate*, 36 Cal. 2d 289, 293, 223 P.2d 248 (1950). Decisions of the Supreme Court of California and the California Courts of Appeal do not yield an answer to whether this permissive approach to collateral estoppel with respect to judicial proceedings applies also in the context of unreviewed administrative agency findings.

Considerations of comity and federalism favor resolution of this substantial state-law question by the Supreme Court of California. We respectfully request that the Supreme Court of California accept and decide the certified question.

## IV. Caption

Title and number of appeal:

> KEVIN MURRAY, Plaintiff-Appellant, v. ALASKA AIRLINES, INC., Defendant-Appellee, No. 06-15847.

---

Review Board may accept a case for review and issue a superseding final order; otherwise, the ALJ's ruling becomes the final order of the Secretary of Labor. *See* § 42121(b)(3)(A). Judicial review of such final orders may exclusively be had in the appropriate United States Court of Appeals in accordance with the Administrative Procedure Act. *See* § 42121(b)(4)(A)-(B); 5 U.S.C. ch. 7.

Counsel for Plaintiff-Appellant Kevin Murray:

> James P. Stoneman II
> Law Offices of James P. Stoneman II
> 100 West Foothill Boulevard
> Claremont, CA 91711
> Telephone: 909-621-4987
> Fax: 909-624-1427

Counsel for Defendant-Appellee Alaska Airlines, Inc.:

> David J. Reis
> Jason M. Habermeyer
> Howard Rice Nemerovski Canaday Falk & Rabkin
> Three Embarcadero Center, Seventh Floor
> San Francisco, CA 94111
> Telephone: 415-434-1600
> Fax: 415-217-5910

If the Supreme Court of California accepts this request, the Plaintiff-Appellant should be deemed the petitioner.

## V.

This case is withdrawn from submission and further proceedings in this court are stayed pending final action by the Supreme Court of California. The parties shall notify the Clerk of this court within 14 days after the Supreme Court of California accepts or rejects certification. If the Supreme Court of California accepts certification, the parties shall file a joint report six months after the date of acceptance and every six months thereafter advising us of the status of the proceedings. The parties shall notify the Clerk within 14 days of the rendering of a decision by the Supreme Court of California.

The Clerk shall file this order and 10 copies, along with all briefs in this appeal, with the Supreme Court of California;

provide certificates of service to the parties; and provide additional record materials if so requested by the Supreme Court of California. *See* Cal. R. Ct. 8.548(c)-(d).

This panel retains jurisdiction over further proceedings.

**IT IS SO ORDERED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson/West.