FILED

OCT 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN MURRAY, | No. 06-15847 |
| Plaintiff - Appellant, | D.C. No. CV-05-03633-MJJ |
| v. | |
| ALASKA AIRLINES, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Argued and Submitted March 13, 2008
San Francisco, California
Submission Withdrawn April 10, 2008
Resubmitted October 19, 2010

Before: REINHARDT, McKEOWN and FISHER, Circuit Judges.

Kevin Murray appeals from the district court's entry of summary judgment

in favor of Alaska Airlines, Inc. ("Alaska"). Murray alleges that he was

wrongfully terminated and retaliated against for whistleblowing against his

employer, in violation of the public policy of California. *See* Cal. Labor Code

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 1102.5(b). The district court granted summary judgment to Alaska based on collateral estoppel. We affirm.

After oral argument, we certified to the California Supreme Court the question whether, as a matter of California law, issue-preclusive effect should be given to a federal agency's investigative findings, when the subsequent administrative process provides the complainant the option of a formal adjudicatory hearing to determine the contested issues de novo, as well as subsequent judicial review of that determination, but the complainant elects not to invoke his right to that additional process. *See Murray v. Alaska Airlines, Inc.*, 522 F.3d 920, 920 (9th Cir. 2008) (order) (*"Murray I"*). The California Supreme Court accepted the certified question for review and, in August 2010, issued an opinion answering that question in the affirmative. *See Murray v. Alaska Airlines, Inc.*, 237 P.3d 565, 577 (Cal. 2010) (*"Murray II"*).

The state supreme court's determination of California law is binding on us and is dispositive of this appeal. In response to Murray's administrative complaint under 49 U.S.C. § 42121, the Secretary of Labor found that Murray failed to establish a causal nexus between his protected activity and an adverse employment action. *See Murray I*, 522 F.3d at 921. Causation is an element of the claims Murray asserts in this action. *See Murray II*, 237 P.3d at 569 n.4; *Murray I*, 522

2

F.3d at 922-23 & n.2. Under *Murray II*, the Secretary of Labor's finding on causation is entitled to preclusive effect here. Murray thus cannot establish an essential element of his claims. The judgment of the district court must therefore be affirmed.

In his supplemental brief, Murray argues that applying issue preclusion here would deny him the constitutional right to a jury trial. Assuming this argument has not been waived even though Murray failed to raise it earlier, *see Devereaux v. Abbey*, 263 F.3d 1070, 1079 (9th Cir. 2001), Murray presents no legal authority to support his argument. The decision on which he relies, *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 421-22 (1966), addresses federal procedural law, not federal constitutional law. As a general matter, the Seventh Amendment does not bar application of the collateral estoppel doctrine. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 337 (1979). Murray has not offered any authority for the proposition that this general rule does not apply here.

**AFFIRMED.**

3