FILED

2/26/2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.  AZ-12-1557-KuDPa |
| | ) | |
| ABDUL J. BALOCH and TASNEEM BALOCH, | ) | Bk. No.  11-11350 |
| | ) | |
| | ) | Adv. No.  11-01321 |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| ABDUL J. BALOCH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| SYED BASHIR SHAH, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on January 23, 2014
at Tempe, Arizona

Filed – February 26, 2014

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Charles G. Case, II, Bankruptcy Judge, Presiding

———————————

Appearances:    Nicole S. Sandoval of Campbell & Coombs for
appellant Abdul J. Baloch; James P. Wohl for
appellee Syed Bashir Shah.

———————————

Before: KURTZ, DUNN and PAPPAS, Bankruptcy Judges.

———————————

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

## INTRODUCTION

Debtor Abdul Baloch appeals from a summary judgment in favor of Syed Shah excepting from discharge under 11 U.S.C. § 523(a)(2)(A)[1] a debt reduced to judgment in state court. We agree with the bankruptcy court's determination that Shah was entitled to summary judgment based on the preclusive effect of the state court's default judgment. Therefore, we AFFIRM.

## FACTS

In 2004, Shah invested $300,000 with Baloch, which Baloch represented that he would use to purchase an automobile dealership. Upon Baloch's purchase of the dealership, Baloch was supposed to convey to Shah partial ownership of the dealership, and the two of them were to share the profits and losses from the dealership as partners. According to Shah, Baloch also had agreed that, after the purchase of the dealership, Baloch would pay $4,500 per month to Shah, which would constitute an advance against Shah's share of dealership profits. And if Baloch was unsuccessful in purchasing the dealership, Shah's $300,000 investment was supposed to be treated as a loan, which Baloch was obligated to repay within thirty days of Shah's demand.

Despite repeated requests, Shah never received from Baloch proof that Baloch actually had purchased the dealership or proof of Shah's partial ownership interest in the dealership, the $4,500 monthly payments/advances against profits, and the repayment of his initial investment. Consequently, Shah filed a

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

verified complaint against Baloch and his affiliated entities in the Los Angeles County Superior Court (Case No. BC 371425).

The state court complaint contained eight causes of action, including money had and received, breach of contract, constructive fraud, fraud, conversion, bad checks, RICO, and for an accounting. Shah alleged in the fraud cause of action that Baloch explicitly agreed to perform certain promises as described above regarding Shah's $300,000 investment, but that Baloch at the time he made the promises secretly intended not to perform any of them. According to the fraud cause of action, Baloch's actual intent in making the false promises was to induce Shah to give him $300,000 so that Baloch could keep the $300,000 for his own personal use and benefit. Shah further alleged that he justifiably relied on Baloch's false promises and that, as a result, he lost his $300,000 investment.

Shah was unsuccessful in his attempts to locate Baloch for the purpose of serving the summons and complaint. Accordingly, the state court granted Shah permission to serve Baloch by publication. Pursuant to the state court's publication orders, Shah served the complaint by publication in newspapers of general circulation in the states of Washington and California. When Baloch did not respond to the complaint, Shah sought and obtained entry of default against Baloch, and the state court set the matter for a default prove-up hearing, which was held on July 16, 2009.

At the default prove-up hearing, Shah testified and presented documents tending to show: (1) that he wired $300,000 to Baloch; (2) that in exchange for the $300,000, Baloch made a

3

number of promises to Shah regarding the safekeeping and use of the funds, regarding Shah receiving a partial ownership interest in an automobile dealership to be purchased with the funds, and regarding the payment of $4,500 per month to Shah once the dealership was purchased; (3) that he wired the $300,000 to Baloch because he believed Baloch's promises at the time they were made; (4) that Baloch did not fulfill any of these promises; and (5) that he now believes Baloch never intended to fulfill any of these promises. Shah further testified that Baloch told him that he had acquired a dealership known as Mitsubishi Gilroy in or around July 2005, but he never saw any proof of this purchase or proof that the $300,000 was used for this purported purchase.

The state court ruled at the conclusion of the prove-up hearing, "It appears to me that you have sufficiently proved these matters." Hr'g Tr. (July 16, 2009) at 23:26-27. Based on this ruling, the state court stated that Shah was entitled to a default judgment in the form he proposed. In turn, the default judgment expressly found for Shah and against Baloch on Shah's breach of contract cause of action and on his fraud cause of action. Baloch never appealed the default judgment, nor did he ever take any other action in the state court seeking relief from the default judgment.

Baloch and his spouse commenced their chapter 7 case in April 2011, and Shah filed an adversary complaint against Baloch in July 2011, alleging the same facts and dealings on which Shah had based his state court complaint. The adversary complaint further alleged that the state court judgment debt was nondischargeable under §§ 523(a)(2), (4) and (6). Shah then

4

moved for summary judgment. In his summary judgment motion, Shah contended that, based on the issue preclusive effect of the state court judgment, he was entitled to summary judgment.

Baloch opposed the summary judgment motion, arguing that he did not have a full and fair opportunity to litigate the issues raised in the state court because the complaint was served by publication and because he did not actually learn of the litigation or the default judgment until April 2010, roughly nine months after the entry of the default judgment, when he received some papers regarding Shah's efforts to domesticate the California default judgment in Arizona. Baloch further argued that the elements of fraud were not actually litigated or necessarily decided in the state court litigation because the state court did not explicitly find that each fraud element existed. Baloch acknowledged that the explicit finding requirement is deemed waived when the prior court implicitly and necessarily decided the requisite issues, but he maintained that the fraud elements had not been implicitly and necessarily decided by the state court.

In the alternative, Baloch argued that it was impossible to attribute any particular amount of the state court's damages award to Shah's fraud cause of action because the default judgment did not specify, as between fraud and breach of contract, which type of conduct caused Shah's damages.

The bankruptcy court rejected all of Baloch's arguments and held that the state court judgment was entitled to issue preclusive effect. Based on the preclusive effect of the state court judgment, the bankruptcy court granted summary judgment on

5

Shah's § 523(a)(2)(a) claim for relief. On October 17, 2012, the bankruptcy court entered summary judgment in Shah's favor, and on October 30, 2012, Baloch timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.[2]

**ISSUE**

Did the bankruptcy court commit reversible error by applying issue preclusion to the state court judgment and granting Shah summary judgment on his § 523(a)(2)(A) claim?

**STANDARDS OF REVIEW**

We review de novo the bankruptcy court's grant of summary judgment. Boyajian v. New Falls Corp. (In re Boyajian), 564 F.3d 1088, 1090 (9th Cir. 2009); Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez), 367 B.R. 99, 103 (9th Cir. BAP 2007). We also review de novo the issue of the nondischargeability of a specific debt. Peklar v. Ikerd (In re Peklar), 260 F.3d 1035, 1037 (9th Cir. 2001); Honkanen v. Hopper (In re Honkanen), 446 B.R. 373, 378 (9th Cir. BAP 2011).

Our review of the bankruptcy court's decision to apply issue preclusion is a two-step process. First, we review de novo the bankruptcy court's determination that issue preclusion was

---

[2]While the bankruptcy court's summary judgment left unresolved Shah's claims for relief under §§ 523(a)(4) and (a)(6), the finality defect arising from these unresolved claims was cured by the bankruptcy court's subsequent dismissal of the remaining claims. See Long Beach Area Chamber of Commerce v. City of Long Beach, 603 F.3d 684, 691 (9th Cir. 2010).

available.  See In re Lopez, 367 B.R. at 103; Khaligh v. Hadaegh (In re Khaligh), 338 B.R. 817, 823 (9th Cir. BAP 2006).  And second, if we determine that issue preclusion was available, we then review the bankruptcy court's decision to apply it for an abuse of discretion.  In re Lopez, 367 B.R. at 103; In re Khaligh, 338 B.R. at 823.

The bankruptcy court abused its discretion only if it applied the incorrect legal rule or its application of the correct legal rule was illogical, implausible, or without support in the record.  United States v. Hinkson, 585 F.3d 1247, 1261–62 (9th Cir. 2009)(en banc).

**DISCUSSION**

A bankruptcy court may grant summary judgment when the pleadings and evidence demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The issue preclusive effect of a prior state court judgment may serve as the basis for granting summary judgment.  See In re Khaligh, 338 B.R. at 832; see also Grogan v. Garner, 498 U.S. 279, 284 (1991) (holding that the doctrine of issue preclusion applies in bankruptcy court actions seeking to except debts from discharge).

We must apply California issue preclusion law to determine the preclusive effect of Shah's California state court judgment.  See Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995); see also 28 U.S.C. § 1738 (requiring federal courts to give "full faith and credit" to state court judgments).  Under California issue preclusion law, the proponent must

7

establish the following:

> 1) the issue sought to be precluded . . . must be identical to that decided in the former proceeding; 2) the issue must have been actually litigated in the former proceeding; 3) it must have been necessarily decided in the former proceeding; 4) the decision in the former proceeding must be final and on the merits; and 5) the party against whom preclusion is being sought must be the same as the party to the former proceeding.

In re Honkanen, 446 B.R. at 382; Lucido v. Super. Ct., 51 Cal.3d 335, 341 (1990).

In addition, before applying issue preclusion, the bankruptcy court also must determine "whether imposition of issue preclusion in the particular setting would be fair and consistent with sound public policy." In re Khaligh, 338 B.R. at 824-25 (citing Lucido, 51 Cal.3d at 342-43).

The party asserting issue preclusion has the burden of proof to establish each of the above requirements. See Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001). To satisfy this burden, the moving party "must introduce a record sufficient to reveal the controlling facts" and must "pinpoint the exact issues litigated in the prior action." Kelly v. Okoye (In re Kelly), 182 B.R. 255, 258 (9th Cir. BAP 1995), aff'd, 100 F.3d 110 (9th Cir. 1996). Any reasonable doubt regarding what the prior court decided is resolved against the moving party. See id.

In this appeal, we are confronted with the question of the preclusive effect of a default judgment. Most jurisdictions do not consider a default judgment capable of satisfying the requirements for the application of issue preclusion. See Murray v. Alaska Airlines, Inc., 522 F.3d 920, 924 (9th Cir.

8

2008) (citing Restatement (Second) Judgments § 27, cmt. e). However, California courts have adopted a different view. In California, issue preclusion may apply to a default judgment so long as two conditions are met. These conditions supplement the standard issue preclusion requirements and are as follows: (1) the defendant must have had "actual notice of the proceedings and a 'full and fair opportunity to litigate,'" Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1123–24 (9th Cir. 2003) (citing In re Harmon, 250 F.3d at 1247 n.6); and (2) the material factual issues must have been raised in the pleadings and must have been necessary to sustain the judgment.[3]

Here, Baloch contends that, because the summons was served by publication, and because he did not learn of the litigation and the default judgment until roughly nine months after the default judgment was entered, he did not have sufficient notice of the litigation or a full and fair opportunity to litigate for issue preclusion purposes. We disagree. In re Cantrell addressed this same issue. Relying on California law, In re Cantrell held that, when, as here, the defendant learns of the default judgment in time to seek relief therefrom under California Code of Civil Procedure ("CCCP") § 473.5,[4] the

_____

[3]Conceptually, the second condition is a variation on the actually litigated requirement, which must be met for issue preclusion to apply to any prior judgment – not just default judgments. See In re Harmon, 250 F.3d at 1247. Additionally, in the default judgment context, if a particular issue has been necessarily decided, that issue also has been actually litigated. See id. at 1248.

[4]CCCP § 473.5(a) provides:

(continued...)

9

defendant has been given sufficient notice of the default judgment and a full and fair opportunity to litigate for issue preclusion purposes. Baloch here has admitted that he learned of the litigation and the default judgment roughly fifteen months before the deadline expired to seek relief under CCCP § 473.5. Notwithstanding his actual knowledge of the default judgment, Baloch did not avail himself of the opportunity to seek relief from the default judgment under CCCP § 473.5(a). Accordingly, following In re Cantrell, we hold that the first condition is met for applying issue preclusion to the state court's default judgment.

Baloch also contends that the factual issues underlying Shah's fraud cause of action were not actually litigated. Citing both In re Cantrell and In re Harmon, Baloch points out that a California default judgment does not actually litigate an issue unless that issue was alleged in the complaint and unless the court explicitly rendered a finding on that issue. However, Baloch concedes that the explicit finding requirement is deemed waived if the court implicitly rendered a finding on that issue

⁴(...continued)
When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered.

and if that implicit finding was necessary to support the court's decision. See In re Cantrell, 329 F.3d at 1124 (citing In re Harmon, 250 F.3d at 1248). That is precisely what happened here. In its judgment, the state court explicitly found in Shah's favor and against Baloch on Shah's fraud cause of action. While the state court did not make explicit findings on each of the fraud elements, it could not have rendered a finding on the ultimate issue of Baloch's fraud (as it did) unless it implicitly found that each of the fraud elements had been established. Simply put, the state court implicitly found all of the underlying fraud elements, and these findings were necessary to support the state court's explicit fraud finding. Baloch has not and cannot argue that Shah did not allege all of the fraud elements.[5] In light of Shah's fraud allegations and the state court's implicit findings on the fraud elements, we hold that the state court necessarily decided all of the requisite fraud elements. Consequently, the fraud elements also were actually litigated, resulting in a judgment in Shah's favor.

Baloch alternately contends that it is impossible to tell from the state court's judgment whether the state court attributed any damages to Baloch's fraud or instead attributed all of the damages to Baloch's breach of contract. Citing In re Kelly, 182 B.R. at 258, Baloch claims that any doubt must

_____

[5]As mentioned above, Shah alleged in the state court complaint false promises without an intent to perform, justifiable reliance and damages proximately caused by the false promises. These allegations were sufficient under California law to state a fraud cause of action. See Lazar v. Super. Ct., 12 Cal.4th 631, 638-39 (1996).

11

be decided against the application of issue preclusion and that, because the damages all might have been attributable to his breach of contract, the bankruptcy court should not have applied issue preclusion to determine that his fraud caused Shah's damages.

But Baloch's damages contention is based on a false premise. Baloch wrongly assumes that only one or the other cause of action, but not both, could be the source of Shah's damages. We are convinced that Shah's damages are attributable to both causes of action. On this record, it is clear that Shah suffered a single loss and that fraud and breach of contract were pled as alternate theories of relief based on the same loss.[6] Thus, we have no doubt that all of Shah's damages properly are attributable to Baloch's fraud.

We can readily ascertain in this case all of California's issue preclusion elements. Baloch has not disputed that the default judgment was a final judgment on the merits or that the same parties were involved in both the state court litigation and

---

[6]In his appeal brief, Baloch attempts to argue that the state court erred by granting Shah judgment on both his fraud and contract causes of action. Baloch argues that the state court violated the election of remedies doctrine in doing so. Generally speaking, California's election of remedies doctrine is considered a form of estoppel that precludes a litigant from obtaining judgment on a particular legal theory if that litigant already has taken action against the other party based on an alternate legal theory arising from the same facts. See Roam v. Koop, 41 Cal. App. 3d 1035, 1039-40 (1974). We do not understand how assertion of the election of remedies doctrine benefits Baloch in this appeal. If Baloch believed that the state court erred in granting judgment based on both Shah's fraud and breach of contract causes of action, he should have raised this issue in the state court.

12

in the nondischargeability action. And Baloch has not and cannot seriously dispute that the issues involved in the state court fraud cause of action were not identical to the elements for nondischargeability under § 523(a)(2)(A). See Am. Express Travel Related Servs. Co. Inc. v. Hashemi (In re Hashemi), 104 F.3d 1122, 1125 (9th Cir. 1996) (stating that the nondischargeability elements under § 523(a)(2)(A) "mirror the elements of common law fraud"); Younie v. Gonya (In re Younie), 211 B.R. 367, 373–74 (9th Cir. BAP 1997), aff'd, 163 F.3d 609 (9th Cir. 1998) (same). As for actually litigated and necessarily decided, we have addressed and rejected, above, Baloch's contentions that the state court default judgment did not actually litigate and necessarily decide the fraud elements.

This leaves only public policy concerns to consider. Baloch did not make any explicit public policy argument in the bankruptcy court; nonetheless, the bankruptcy court explicitly addressed the public policy issue and determined that the imposition of issue preclusion here promoted the public policy goals of fostering judicial economy and integrity and discouraging vexatious litigation.

Baloch has not directly challenged on appeal the bankruptcy court's public policy determination but instead reiterates his contention that he did not have a full and fair opportunity to litigate in light of the fact that he did not know of the state court litigation or the default judgment until several months after the state court entered the default judgment. In essence, Baloch complains that he never had an opportunity to raise any substantive defenses to Shah's fraud cause of action and this,

13

according to him, violated the public policy favoring decisions on the merits. We agree with Baloch that having a full and fair opportunity to litigate is an appropriate public policy concern. See In re Harmon, 250 F.3d at 1247 n.6. However, as discussed above, we disagree with Baloch's argument that he did not have a full and fair opportunity to litigate the fraud issue. By way of CCCP § 473.5, California has afforded defendants like Baloch a means of obtaining relief from default judgments when they do not know about the litigation before entry of the default judgment and if they desire to defend against the merits of the litigation. But Baloch chose not to seek relief under CCCP § 473.5. As a result, it is disingenuous for Baloch to complain that the California courts did not afford him the opportunity to address the merits of Shah's fraud cause of action.

Having determined that the bankruptcy court identified the correct legal standard for applying issue preclusion and having found nothing in the record suggesting any misapplication of that legal standard, we conclude that the bankruptcy court did not commit reversible error in granting summary judgment on the basis of the preclusive effect of the state court's default judgment.

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's summary judgment in favor of Shah.