NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 4, 2014[*]
Decided June 4, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-2970

| | |
|---|---|
| VERNON T. JONES, | Petition for Review of a Decision of the |
| *Petitioner*, | Administrative Review Board. |
| *v.* | No. 12-055 |
| UNITED STATES DEPARTMENT OF LABOR, | |
| *Respondent*. | |

**O R D E R**

This appeal arises under the whistleblower-protection provisions of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (AIR 21). *See* 49 U.S.C. § 42121. AIR 21 prohibits airlines from discharging or discriminating against an employee who "provided . . . to the employer or Federal Government information

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the petition for review is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

relating to any violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to air carrier safety." *Id.* § 42121(a)(1). Vernon Jones, a flight attendant, was fired by United Airlines after he repeatedly flew with an outdated safety manual in violation of company policy and federal regulations. He filed a complaint with the Department of Labor's Occupational Safety and Health Administration, asserting that United discharged him for reporting safety violations to the Federal Aviation Administration. An administrative law judge found in favor of United, and the Department of Labor's Administrative Review Board affirmed, concluding that United had shown by clear and convincing evidence that it would have terminated Jones absent any alleged whistleblower activity. Because the Board's decision is supported by substantial evidence, we deny Jones's petition for review.

Jones, who began working at United in 1995, had been disciplined several times during his career for violating company policy. Because of his repeated infractions, the company placed him on "warning level 4" in 2009, effective for a 2-year period. Under United's system of progressive discipline, such a warning meant that any further infraction by Jones could lead to his discharge.

In June 2010, one of Jones's Tokyo-based supervisors sent an e-mail labeled "must-read" to all United flight attendants whom he supervised, notifying them that a revision (effective July 1) to their operations manual was available for pick-up at any United coordinator's desk. Airlines are required by federal regulations to furnish crew members with the manual—containing regulations, standards, policies, and procedures—and periodic revisions; crew members in turn are required by the regulations to keep their manuals up-to-date by inserting the revisions (United's articles of conduct has similar requirements). *See* 14 C.F.R. §§ 121.133, 121.135, 121.137.

Jones did not pick up the July revision and worked a dozen flights in July and August 2010 with an outdated manual in violation of federal regulations and United's articles of conduct. He does not recall reading his supervisor's e-mail (he was on vacation when the e-mail was sent), but flight attendants are responsible for knowing the contents of e-mails labeled "must-read," and notice of the July revision also had been posted on bulletin boards that United requires flight attendants to check before working a flight. In mid-August Jones obtained the July revision and borrowed an up-to-date manual from a United coordinator while attending a training in Chicago. Jones's procurement of these documents triggered a notice to his supervisors in Tokyo

that he may have been flying with an outdated manual. The company suspended him pending investigation.

While he was suspended, Jones reported to the Federal Aviation Administration that United had violated unspecified federal regulations by not placing a hard copy of the July revision in flight attendants' mailboxes. In a later message to the FAA, he also accused the company of failing to investigate an incident in which a passenger hurled racial epithets at him. United audited Jones's manual, confirming that it was outdated. After a disciplinary hearing, which Jones and his union representative attended, the company in October 2010 fired Jones.

Jones then filed a complaint with OSHA, alleging that United had discharged him in violation of AIR 21's whistleblower-protection provisions. *See* 49 U.S.C. § 42121; 29 C.F.R. § 1979.103. (To obtain relief under AIR 21, a complainant must first show by a preponderance of the evidence that he engaged in protected activity and that the protected activity was a contributing factor in the employer's adverse employment action. *See* 49 U.S.C. § 42121(b)(2)(B)(iii); *Formella v. U.S. Dep't of Labor*, 628 F.3d 381, 389 (7th Cir. 2010). Even if the complainant makes this prima facie showing, however, the agency may *not* provide the requested relief "if the employer demonstrates by clear and convincing evidence that the employer would have taken the same unfavorable personnel action in the absence of that behavior." 42 U.S.C. § 42121(b)(2)(B)(iv); *Formella*, 628 F.3d at 389.) Jones asserted that his messages to the FAA—in which he accused United of violating federal regulations by not placing the July revision in flight attendants' mailboxes and by failing to investigate the incident with the unruly passenger—were protected conduct, and that United fired him in retaliation for reporting its alleged misconduct.

OSHA's area director dismissed Jones's complaint after determining that he did not make a prima facie showing that the company had fired him in retaliation for protected conduct. *See* 29 C.F.R. § 1979.104(b). Jones objected to these findings and requested a hearing before an administrative law judge. *See id.* § 1979.106(a).

After conducting a hearing, the ALJ denied all relief, concluding that Jones could not make out a prima facie case of retaliation because he failed to establish by a preponderance of the evidence that his communications to the FAA were protected activity and because his evidence did not establish that United knew of his communications to the FAA, let alone that it fired him because of his accusations. The ALJ found that United's evidence—company documents and the testimony of two

employees (Jones's primary supervisor and a flight-safety manager) that the ALJ found credible—established that (1) Jones had received notice of the July revision both in a must-read e-mail and on a bulletin board that he was required to check, (2) he failed to update his manual with the revision and flew a dozen flights with an outdated manual, (3) flying with an outdated manual violated company policy, and (4) Jones's prior disciplinary record meant that his safety infraction would lead to discharge. Jones did not contest any of this evidence at the hearing, acknowledging only that he could not recall whether he read the e-mail notifying him of the revision. Even if Jones could make out a prima facie case, the ALJ added, he nonetheless would be ineligible for relief because the company had demonstrated by clear and convincing evidence that it would have fired him for flying with an outdated manual regardless of his communications to the FAA. The Administrative Review Board affirmed; in the Board's view, substantial evidence supported the ALJ's conclusion that "United proved by clear and convincing evidence that it would have terminated Jones regardless of any alleged protected activity."

Our review of the Board's decision is governed by the Administrative Procedure Act. *See* 49 U.S.C. § 42121(b)(4)(A); 5 U.S.C. § 706. The Board's legal conclusions may be overturned only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and we must uphold the Board's factual findings if they are supported by substantial evidence. 5 U.S.C. § 706(2)(A), (E); *Roadway Express, Inc. v. U.S. Dep't of Labor*, 612 F.3d 660, 664 (7th Cir. 2010).

In his petition for review, Jones contends that the agency erred by finding United's employees credible and generally argues that the agency erred in concluding that the company did not violate AIR 21. Jones's challenge fails on both fronts. Determining the credibility of witnesses is the task of the ALJ "in all but the extraordinary case," *Formella*, 628 F.3d at 391, and Jones provides no reason to question the ALJ's finding that United's witnesses were credible. And the agency's finding that United would have fired Jones regardless of his communications to the FAA must stand because it was supported by substantial evidence. *See Formella*, 628 F.3d at 390; *Vieques Air Link, Inc. v. U.S. Dep't of Labor*, 437 F.3d 102, 104 (1st Cir. 2006). Jones's primary supervisor testified that he did not know about Jones's communications to the FAA and that he decided to fire Jones for repeatedly flying with an outdated manual. Jones did not rebut this evidence. He testified only that he could not recall whether he had read the e-mail notifying him of the July revision, but he agreed that he was responsible for reading the e-mail and for keeping his manual up-to-date.

Jones next asserts that the administrative hearing was unfair because the company refused his request to turn over unspecified documents and make available five of its employees as witnesses. But he does not explain how these witnesses or documents would have helped his case. Moreover, he never sought to obtain this evidence by moving the ALJ to compel discovery or to issue subpoenas. *See* 29 C.F.R. §§ 1979.107(a), 18.21(a), 18.24(a); *Murray v. Alaska Airlines, Inc.*, 522 F.3d 920, 923 n.4 (9th Cir. 2008).

Finally, Jones maintains for the first time in his brief that United failed to put a copy of the July revision in his mailbox as retaliation for a "COBRA fraud lawsuit" he filed against the company. But Jones forfeited this issue by not presenting it to the agency, *see Formella*, 628 F.3d at 390, and in any event it is entirely unsupported.

Accordingly, Jones's petition for review is DENIED.